IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DARRELL RAY ANDERSON,          :

    Petitioner,                :

vs.                            :       CIVIL ACTION 03-00749-BH-B

JAMES E. REYNOLDS,             :

    Respondent.                :

## REPORT AND RECOMMENDATION

This is an action filed pursuant to 28 U.S.C. § 2254 by Darrell Ray Anderson, an Alabama inmate proceeding pro se. This action has been referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The state record is adequate to determine Petitioner's claims; thus, no federal evidentiary hearing is required. Kelley v. Secretary for Dept. Of Corrections, 377 F.3d 1317 (11th Cir. 2004). Upon careful consideration of the pleadings, records, briefs and exhibits, it is recommended that Petitioner's habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent James Reynolds and against Petitioner Darrell Ray Anderson on all claims.

### I. PROCEDURAL HISTORY

Petitioner Darrell Ray Anderson was convicted on November 5, 1997, by a jury in the Washington County Circuit Court of second-degree arson and third-degree burglary. On December 2, 1997, the

trial court sentenced Anderson to a term of life imprisonment. (Doc. 10, Ex. 1A). Anderson filed an appeal with the Alabama Court of Criminal Appeals, which was dismissed as untimely. The Alabama Court of Criminal Appeals issued a certificate of dismissal on January 27, 1998. (Ex. 2). Anderson then filed a motion to reinstate the appeal, which was denied by the Court of Criminal Appeals on February 13, 1998. (Ex. 3). In its order denying Anderson's motion, the appeals court observed that Anderson's sole remedy, if any, would lie in a petition for post-conviction relief pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. Anderson did not seek review of the appeals court's decision in the Alabama Supreme Court.

Anderson filed his Rule 32 petition in the Washington County Circuit Court on January 29, 1999.[1] In his petition, Anderson alleged several instances of ineffective assistance of trial counsel, as well as ineffective assistance of appellate counsel with regards to the untimely filing of his direct appeal. The trial Court conducted an evidentiary hearing on the Rule 32 petition, and granted Anderson the opportunity to file an out-of-time appeal based upon his ineffective assistance of appellate counsel claim. (Ex. 6). The trial court reserved ruling on the

---

[1]**While Anderson alleges that he filed his first Rule 32 petition on November 24, 1997, (Doc. 15, p. 1), the record provides no support for this contention. In fact, in his Rebuttal to Respondent's Response (Doc. 13), Anderson acknowledges filing his Rule 32 petition on January 29, 1999.**

remainder of the issues contained in Anderson's Rule 32 petition pending the determination of his out-of-time appeal. Anderson attempted to appeal the trial court's ruling, but the Court of Criminal Appeals dismissed the appeal, as the trial court's ruling was favorable to Anderson. (Ex. 6A).

Anderson filed his direct appeal on September 17, 1999 (Ex. 7), and on June 23, 2000, the Court of Criminal Appeals issued a memorandum opinion affirming Petitioner's convictions. See Anderson v. State, 810 So. 2d 807 (Ala. Crim. App. 2000) (table), (Ex. 8). Anderson did not file an application for rehearing, and the Court of Criminal Appeals entered a certificate of judgment on June 11, 2000. (Ex. 8A).

On March 30, 2001, Anderson filed a petition in this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. The petition was dismissed without prejudice so that the state courts could fully consider Anderson's Rule 32 claims that had been stayed by the trial court. (Ex. 9).

On July 10, 2002, the trial court entered an order denying the remainder of Anderson's Rule 32 petition. (Ex. 10). Anderson appealed the decision to the Alabama Court of Criminal Appeals, which affirmed the trial court's denial on May 23, 2003. (Ex. 11). Anderson filed a application for rehearing, which was overruled on June 13, 2003. (Ex. 12). The Alabama Supreme Court denied Petitioner's application for certiorari review, and entered its certificate of judgment on September 19, 2003. (Ex. 13).

Anderson filed the instant petition for habeas corpus relief on October 29, 2003. (Doc. 1).  In his petition, Anderson alleges that: 1) trial counsel provided ineffective assistance of counsel; 2) state prosecutors knowingly presented false evidence at trial; 3) his equal protection and due process rights were violated when state officials failed to thoroughly investigate the prosecution's witnesses, thereby allowing the admission of false evidence at trial; and 4) he was denied Due Process.

Respondent's Answer to Anderson's petition (Doc. 10) contains the defense that Anderson is not entitled to habeas corpus review because his petition and its claims are barred by the one-year limitation period set forth in the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. Section 2244(d)(1).

### CONCLUSIONS OF LAW

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the April 24, 1996, enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the date on which his conviction becomes final by "conclusion of direct review or the expiration of the time for seeking such review".  A judgment becomes "final" on the date on which the U.S. Supreme Court issues a decision on the merits of the petitioner's direct appeal, denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed such a petition. Bond v. Moore, 309

F.3d 770, 773 (11th Cir. 2002).

In the case sub judice, the one-year statute of limitations for the filing of a federal petition for habeas corpus relief commenced on February 27, 1998, the date on which the judgment became final by the conclusion of direct review.[2] Anderson, then, should have filed his habeas petition no later than February 27, 1999. Anderson, however, filed his habeas petition on October 29, 2003, more than three years after expiration of the one-year limitations period. Thus, unless Anderson can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

§ 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. *See* In Re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). A state court filing initiated after the federal habeas deadline, however, does not revive the deadline. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)(While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.)*Id*.

---

[2] Because Petitioner was entitled to seek review of his conviction in the Alabama Supreme Court following the Alabama Court of Criminal Appeals' February 13, 1998 dismissal of Petitioner's motion to reinstate his appeal, Petitioner's conviction became final on February 27, 1998, when the 14-day period for seeking review in Alabama Supreme Court expired. Pugh v. Smith, 465 F.3d 1295 (11th Cir. 2006); Ala.R.App.P. 39(c)(2).

Anderson's Rule 32 petition, filed on January 29, 1999, tolled the limitations period. By the time the Rule 32 petition was filed, 335 days had elapsed from the limitations period.[3] Following the dismissal of his Rule 32 petition on September 19, 2003, Anderson had 30 days, or until October 20, 2003, to file his habeas petition. However, as noted supra, Anderson did not file the instant habeas petition until October 29, 2003; thus, it was untimely filed.

Before recommending dismissal of Anderson's habeas petition as untimely, the undersigned must determine whether Petitioner has pled extraordinary circumstances which require a contrary conclusion. The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the

---

[3] Although the Alabama Court of Criminal Appeals' February 13, 1998, order denying Anderson's motion for reconsideration specifically advised Petitioner that his only potential remedy lay in a Rule 32 petition (Ex. 3), Petitioner did not file a Rule 32 petition until January 29, 1999, 335 days after the February 27, 1998, conclusion of direct review. (Ex. 5)

6

'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient."). Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary of Dept. of Corrections, 259 F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Department of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

   In his Reply to Respondent's Answer (Docs. 13, 15), Anderson contends that a fundamental miscarriage of justice would result if the Court were to dismiss his habeas petition as untimely. According to Anderson, barring his habeas petition as untimely would result in the retroactive application of a state constructed procedural bar.  He also contends that his appellate counsel's untimely filing of the notice of appeal was the ultimate cause of his untimely habeas petition, and that but for counsel's mistake, he would not have filed an untimely habeas petition.  Anderson also contends that at the time he applied for relief under Rule 32 of the Alabama Rules of Criminal Procedure, Alabama state law provided

7

for a two-year limitations period for Rule 32 petitions, and that he should not be denied habeas relief based on his reliance and his understanding of the limitations periods.  Anderson further contends that his demonstration of actual innocence at an October 23, 2001, Rule 32 evidentiary hearing precludes dismissal of his habeas petition, as no reasonable judge or jury would have returned a verdict of guilty had they known of the perjured testimony used against Petitioner at trial.

Anderson is mistaken in his contention that Respondent is attempting to apply a one-year limitations period retroactively to dismiss his habeas petition.  In Teague v. Lane, 489 U.S. 288 109 S.Ct. 1060 (1989), the United States Supreme Court determined that for cases on collateral review, new constitutional rules of criminal procedure shall not be applicable to those cases which became final before the new rules were announced.  The principle announced in Teague, however, is inapplicable to Anderson's case because the one-year statute of limitations for federal habeas petitions went into effect in 1996, with the amendment of 28 U.S.C. § 2244(d)(1).  Moreover, Anderson's habeas petition is barred not by the state of Alabama's limitations period for Rule 32 petitions, but by the limitations period established by 28 U.S.C. § 2244(d)(1), as amended.

Anderson's allegations of attorney negligence as the cause of his untimely habeas filing provide no basis for relief from the AEDPA limitations period.  See Pugh v. Smith, 465 F.3d 1295, 1300

(11th Cir. 2006) (Attorney negligence is not a ground for equitable tolling of limitations period applicable to habeas petitions). To the extent Anderson alleges that the failure of counsel to present claims at trial or file a timely notice of appeal justifies equitable tolling, he is entitled to no relief as the actions of counsel about which Petitioner complains fail to establish any impediment to the filing of a timely habeas petition in this court. As noted supra, the Alabama Court of Criminal Appeals' February 13, 1998, decision specifically advised Petitioner that, at that point, his only potential remedy lay in a Rule 32 petition. Rather than diligently proceeding on the court's advice, Anderson instead waited 335 days before filing the Rule 32 petition.

Moreover, Anderson bears responsibility for failing to abide by the rules governing timely filing of a federal habeas petition. Ignorance of the law "is not a factor that can warrant equitable tolling." Wakefield v. Railroad Retirement Board, 131 F.3d 967, 969 (11th Cir. 1997); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001). ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.").

Anderson has also failed to provide adequate support for his claim of actual innocence. In order to demonstrate actual innocence in a post-conviction proceedings, a petitioner must "support his allegations of constitutional error with new reliable

9

evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). The evidence presented "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327. In other words, Petitioner must persuade this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329.

Anderson has not come forth with new evidence of any kind to support his contention that he is actually innocent of the crimes for which he was convicted. In fact, Anderson makes only fleeting reference to having established his innocence at a prior Rule 32 evidentiary hearing, and makes wholly unsupported allegations that his convictions are based on false testimony. He has failed to present any evidence, either through scientific or physical evidence or new eyewitness testimony, to support his claim of actual innocence.

Accordingly, the undersigned finds that Anderson has not demonstrated actual innocence, nor has he established extraordinary circumstances that would result in a miscarriage of justice. For the reasons stated herein, it is recommended that this habeas petition be dismissed as time-barred, and that judgment be entered in favor of Respondent James Reynolds.

**DONE** this **23rd** day of **February 2007.**

                                                             /S/ SONJA F. BIVINS
                                           **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                /s/ SONJA F. BIVINS
                **UNITED STATES MAGISTRATE JUDGE**